

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-16-690

| | |
|---|---|
| LARICHIA CANADA | Opinion Delivered: November 30, 2016 |
| APPELLANT | APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT [NO. 52JV-15-28] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN | HONORABLE DAVID W. TALLEY, JR., JUDGE |
| APPELLEES | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Appellant Larichia Canada (Larichia) appeals from the circuit court's decision to award permanent custody of her three minor children, H.A., B.C., and M.C., to their respective grandparents and to close the case. On appeal, she argues that the decision was clearly erroneous. For the following reasons, we affirm.

On February 13, 2015, the Arkansas Department of Human Services (DHS) filed a petition for emergency custody and dependency-neglect in regard to Larichia's three children. DHS first became involved with the family after H.A. reported to the Camden Police Department that her stepfather, Brett Canada, Sr. (Brett), had been using methamphetamine and had been sexually abusive by masturbating in front of her. Brett's two children, M.C. and B.C., along with H.A., were then all removed from the home. H.A. was placed in the temporary custody of her maternal grandmother, Marilyn Palmer,

and M.C. and B.C. were placed in the temporary custody of their paternal grandmother, Karen Canada.

The circuit court ultimately adjudicated the juveniles dependent–neglected, specifically finding that H.A. had been sexually abused by her stepfather and that her mother had failed to protect her. Larichia continued her relationship with Brett and did not remove the children from exposure to him even after she became aware that he had exposed himself and masturbated in front of H.A. Larichia was ordered to obtain and maintain suitable housing and adequate income, to complete a list of services, including parenting classes, random drug screens, a psychological evaluation, and individual counseling, and to have no contact with Brett.

On July 15, 2015, the circuit court held a review hearing. In its order, the court indicated that Larichia did not yet have adequate housing or income but that she had completed the parenting classes. The order also noted that she had failed to appear for her drug assessment. The court held a second review hearing on October 7, 2015; by that time, Larichia had undergone a psychological evaluation as ordered. On December 2, 2015, the court held a third review hearing, and the case was set for a permanency-planning hearing on February 3, 2016.[1]

At the March 2 hearing, Shannell Robbins, the supervisor for Ouachita County DHS Division of Children and Family Services (DCFS), and Bridgette Patterson, a former caseworker with DCFS who had been assigned to the Canada case, both testified. On May

---

[1]As Larichia notes in her brief, for reasons that are not clear from the record, the permanency-planning hearing did not take place until March 2, 2016.

20, 2016, the circuit court entered a permanency-planning order finding that it was in the best interest of B.C. and M.C. to grant permanent custody to Karen Canada and that it was in the best interest of H.A. to grant permanent custody to Marilyn Palmer.

In its May 20 order, the circuit court found that DHS had made reasonable efforts and that Larichia had not complied with the case plan and court orders. The court specifically found that Larichia's lack of compliance was due to her contact with Brett, her failure to follow court orders, lack of evidence showing she had a suitable home, her attempt to alter a drug screen in November 2015, her failure to comply with counseling, and the lack of communication between DHS and her for the past thirty days. The court specifically noted that it "cannot see Laricha [sic] Canada changing her pattern of non-compliance." The court awarded Larichia supervised visitation with her three children, and it awarded Brett supervised visitation with his sons, M.C. and B.C. Brett was ordered to have no contact with H.A., and the case was closed.

The burden of proof in dependency-neglect proceedings, including permanency-planning hearings, is by a preponderance of the evidence. *Anderson v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 522, 385 S.W.3d 367 (citing Ark. Code Ann. § 9-27-325(h)(2)(B)). The standard of review is de novo, but we, giving due deference to the trial court's superior position to observe the parties and judge the credibility of the witnesses, will not reverse the trial court's ruling in a dependency-neglect case unless the ruling was clearly erroneous or clearly against the preponderance of the evidence. *Churchill v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 530, 423 S.W.3d 637. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that

3

a mistake has been made. *Id*. Deference to the trial court is even greater in cases involving child custody, as a heavier burden is placed on the circuit judge to utilize to the fullest extent his or her powers of perception in evaluating the witnesses, their testimony, and the best interest of the children. *Culdager-Haynes v. Ark. Dep't of Human Servs.*, 2010 Ark. App 518.

At the permanency-planning hearing, DHS employees testified that Larichia had failed to maintain contact with them since the last court date and had not responded to the missed-visits notes. She had not been drug screened, and because of the loss of contact, DHS could not confirm that she was employed. Larichia did not testify, but the uncontroverted testimony established that she was not in compliance with court orders.

Moreover, caseworker Bridgette Patterson testified that on December 16, 2015, she observed Larichia and Brett together in a vehicle at Karen Canada's home—where M.C. and B.C. had been placed. This contact with Brett several months into the case, as well as Larichia's failure to comply with orders and inadequate contact with DHS, was a sufficient basis for the court to conclude that returning any or all of her three children to her custody would not be safe for them. Our state's permanency-planning statute requires the court to select a goal based on the best interest, health, and safety of the juvenile. Ark. Code Ann. § 9-27-338(c). In the instant case, the circuit court did just that by granting permanent custody of H.A. to Marilyn Palmer and by placing M.C. and B.C. in the permanent custody of Karen Canada. *See* Ark. Code Ann. § 9-27-338(c)(6) (Repl. 2015).

We are not left with a definite and firm conviction that a mistake was made here. We cannot say that the circuit court's adjudication was clearly erroneous or clearly against the preponderance of the evidence. Accordingly, we affirm.

Affirmed.

VAUGHT and BROWN, JJ., agree.


*Leah Lanford*, Ark. Pub. Defender Comm'n, for appellant.

*Mary Goff*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by:  *Keith L. Chrestman*, attorney ad litem for minor children.